IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02387-BNB

LEAH ANN WILLIAMS,

      Plaintiff,

v.

MARY MARTINEZ, Sergeant,
DEPARTMENT OF CORRECTIONS, and
LA VISTA CORRECTIONAL FACILITY,

      Defendants.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**JAN 2 0** 2010

GREGORY C. LANGHAM
                 CLERK

---

## ORDER OF DISMISSAL

---

      Plaintiff Leah Ann Williams currently is living at the Arapahoe County Residential Center in Littleton, Colorado. Ms. Williams, acting *pro se*, initiated this action by submitting to the Court a Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. At the time Ms. Williams initiated this action she was in the custody of the Colorado Department of Corrections and was incarcerated at the La Vista Correctional Facility in Pueblo, Colorado. The Court must construe Ms. Williams' Complaint liberally because she is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

      A legally frivolous claim is one in which a plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the Complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Ms. Williams states that while she was incarcerated during two different prison visitations Defendant Mary Martinez harassed her and her visitor because she and the visitor are a homosexual couple.  Ms. Williams asserts Defendant Martinez (1) told her visitor that her clothing was too tight; (2) gawked and stared at Ms. Williams and her visitor the entire time during one of the visitations; (3) told Ms. Williams and the visitor not to hug or embrace for a long period of time; and (4) told Ms. Williams and her visitor that making selections from a vending machine is subject to a time limitation.

Ms. Williams further asserts that on three occasions Defendant Martinez caused several other inmates to see her naked during a mandatory strip search.  Ms. Williams contends that as a result of Defendant Martinez's actions her Post Traumatic Stress Disorder was triggered, and the visitor, who provided Ms. Williams with emotional support, no longer visited the prison facility where she was housed.  Ms. Williams seeks money damages and a reprimand of Defendant Martinez.

No matter how inappropriate, verbal harassment and threats without more do not state an arguable constitutional claim.  *See Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992); *Cumbey v. Meachum*, 684 F.2d 712, 714 (10th Cir. 1982) (per curiam); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (per curiam).  Ms. Williams does not allege that Defendant Martinez physically injured or harmed her or used excessive force against her.  Plaintiff, therefore, fails to state a claim that rises to the level of a constitutional deprivation with respect to any verbal harassment claims against Defendant Martinez.

With respect to Defendants Department of Corrections and La Vista Correctional Facility, the State of Colorado and its entities are protected by Eleventh Amendment immunity.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade*

2

*v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Medical Center*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Com'n*, 328 F.3d 638, 644 (10th Cir. 2003).

To the extent that Ms. Williams contends she was discriminated against because she has a homosexual partner, "the equal protection clause provides that '[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws.' " *Grace United Methodist Church v. City of Cheyenne*, 451 F.3d 643, 659 (10th Cir. 2006) (quoting U.S. Const. amend. XIV, § 1). "Equal protection 'is essentially a direction that all persons similarly situated should be treated alike.' " *Id.* (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). Where an equal protection claim does not implicate either a fundamental right or a protected class, the court applies a rational basis test. *See Save Palisade Fruitlands v. Todd*, 279 F.3d 1204, 1210 (10th Cir. 2002). Under the rational basis test a challenged government action complies with equal protection if the government's classification bears "a rational

3

relation to some legitimate end." *Id.* at 1213.  The Tenth Circuit has expressly rejected the notion that homosexuality is a suspect classification. *See Walmer v. Dep't of Defense*, 52 F.3d 851, 854 (10th Cir. 1995).

Prison rules regarding visitors' clothing and extended visitor/prisoner physical contact have a rational relationship to a legitimate end of maintaining a safe environment in a prison setting and are substantially related to achieving important governmental objectives including maintaining institutional security and ensuring the safety of inmates and staff.  Ms. Williams does not appear to contest the validity of the regulations themselves; she simply asserts without any factual support that she was targeted for enforcement because she is gay.  Ms. Williams, however, fails to assert that male visitors of other female inmates were allowed to wear tight clothing and to engage in extended kissing and hugging while she and her visitor were not allowed to do so.

As for the delay in making a selection at the vending machine, Ms. Williams fails to assert that other inmates were allowed to delay in their selections while she was not.  Ms. Williams' equal protection claims, therefore, lack merit.

Ms. Williams also fails to assert a violation of her privacy rights.  Ms. Williams contends that she was in a room with the door closed while the strip search was conducted, and only when Defendant Martinez left the room irate and in a hurry were other inmates able to see her naked.  She does not allege a physical injury or that the strip search was conducted in front of other inmates.  Ms. Williams also does not allege that Defendant Martinez purposely opened the door so other inmates could view her naked.  Only when Defendant Martinez became angry with Ms. Williams and left the room where the strip search was conducted, and subsequently returned, did other

4

inmates see Ms. Williams naked.   While some courts have recognized a limited right to

bodily privacy when correctional officers of the opposite sex are allowed to view inmates

naked, *see Oliver v. Scott*, 276 F.3d 736, 745 n.13 (5th Cir. 2002), courts have not

extended such a limited right to a prisoner being briefly viewed by prisoners of the same

sex.   The viewing of Ms. Williams was momentary and did not violate her privacy rights.

Ms. Williams' privacy claims, therefore, lack merit and will be dismissed.   Based on the

above findings, it is

ORDERED that the Complaint and the action are dismissed as **legally frivolous**

pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this _19th_ day of _____January_____, 2010.

BY THE COURT:


PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02387-BNB

Leah Ann Williams
2135 W. Chenango
Littleton, CO 80120

   I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the
above-named individuals on___1/20/10_____

                                          GREGORY C. LANGHAM, CLERK


                                          By:_____
                                                          Deputy Clerk